ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| AECOM Technical Services, Inc. | )   ASBCA No. 62800 |
| | ) |
| Under Contract No. W912DY-15-R-ESP7 | ) |

APPEARANCES FOR THE APPELLANT:   Manju Gupta, Esq.
   William D. Edwards, Esq.
   Jonathan R. King, Esq.
    Ulmer & Berne LLP
    Cleveland, OH

APPEARANCES FOR THE GOVERNMENT:   Michael P. Goodman, Esq.
    Engineer Chief Trial Attorney
   Karen L. King Vanek, Esq.
   Margaret P. Simmons, Esq.
    Engineer Trial Attorneys
    U.S. Army Engineer District, Huntsville

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant, AECOM Technical Services, Inc., requests $681,469.70, alleging both a written contract and a contract implied-in-fact with the U.S. Army Corps of Engineers (compl. at 1 ¶ 2, 7-8). The government moves to dismiss the appeal for lack of jurisdiction,[1] saying it never had a contract with AECOM, and that the Board does not possess jurisdiction to entertain AECOM's wrongful conversion claim (gov't mot. at 1, 9, 12).

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On May 8, 2015, the government awarded Contract No. W912DY-15-D-0040 to AECOM (gov't mot., attach. 4 at 34). The contract states that "[t]he objective of this acquisition is for the design, construction, and operation of energy savings projects to help meet mandated energy savings goals established in the Energy Policy Act of 1992," and that the government "is awarding multiple Indefinite Delivery/Indefinite Quantity

---

[1] In conjunction with its jurisdictional motion, the government moved to dismiss portions of the appeal for failure to state a claim upon which relief may be granted, which motion will be addressed separately.

(ID/IQ) type contracts to both large and small businesses" (*id.* at 35 §§ A.1, A.2).  The contract provides:

> **Multiple Award Task Order Contract (MATOC)**
> **Capacity:** The estimated programmatic capacity for the MATOC is $1.5 Billion.  The total capacity will be shared among all awardees in the MATOC pool, both large and small businesses.

(*Id.* ¶ A.3)  On July 13, 2015, the government issued a "Request for Proposal (RFP), W912DY-15-R-ESP7, Buckley AFB, CO" to "All Energy Savings Performance Contracting (ESPC) III MATOC Contractors" that states:

> In accordance with paragraph H.2 of the CEHNC ESPC III Base Contract, "Procedures for Awarding Task Orders," your firm is invited to submit a proposal for the efforts contained in Attachment 1, Performance Work Statement (PWS), for an Energy Savings Performance Contracting (ESPC) project anticipated at Buckley AFB, CO.

(Gov't mot., attach. 1 at 1)  On September 30, 2015, the government issued to AECOM "Solicitation W912DY-15-R-ESP7, Energy Savings Performance *Contract* (ESPC), Buckley AFB, CO," informing AECOM that it "ha[d] been selected as the Energy Savings Performance *Contractor* for the new ESPC Buckley AFB project" (gov't mot., attach. 6 at 196 (emphasis added)), and authorized AECOM "to proceed with Preliminary Assessment (PA) development and submission for the new ESPC project at USAF Buckley AFB" (gov't mot., attach. 7 at 197).  The government further informed AECOM that "[y]our company shall perform the PA in accordance with Sections C.5.3 and C.5.4 of the base IDIQ" (*id.*).

On February 17, 2016, the government "authorize[d] AECOM to proceed with the IGA/Feasibility Study, Design, and Price Proposal submission to include detailed cost and pricing data, for the Energy Conservation Measures (ECM) [] for the ESPC project at Buckley AFB, Denver, CO" (gov't mot., attach. 8 at 198).  On March 24, 2016, the government "authorize[d] AECOM to proceed with the IGA/Feasibility Study, Design, and Price Proposal submission to include detailed cost and pricing data" for additional ECMs (gov't mot., attach. 9 at 202).  On November 22, 2016, the government informed AECOM that it "ha[d] decided to not pursue this ESPC project, and has no plans to exercise its option to obtain ownership of any submitted documentation pertinent to this project issued in the NTP dated 17 Feb, 2016 for the ESPC project at Buckley AFB, Denver, CO" (gov't mot., attach. 10 at 204).

On August 26, 2020, AECOM presented to the contracting officer a certified claim "for recovery of $681,469.70 in costs AECOM has incurred in connection with the work performed to develop and design the Project" (gov't mot., attach. 5 at 156).  On December 3, 2020, the contracting officer denied AECOM's claim (gov't mot., attach. 16 at 239).  The contracting officer stated:

> *Per Section C Para 5.5 of AECOM's Base Contract numbered W912DY-15-D-0400, . . .* "the Government will not be subject to any costs associated with the feasibility study unless the Government exercises its option to obtain ownership of the submitted documentation.

(*Id.* at 240 (emphasis added))

In its notice of appeal to the Board, AECOM states (emphasis added):

> AECOM Technical Services, Inc. ("AECOM"), by and through counsel, hereby appeals the decision of contracting officer, Adam R. Sunstrom, dated December 3, 2020, a copy of which is attached as Exhibit A.  The contracting officer denied AECOM's claim *under Energy Savings Performance Contract No. W912DY-15-R-ESP7* with Huntsville Center, U.S. Army Corps of Engineers ("CEHNC") (the "Contract").

(Gov't mot., attach. 17 at 241) (emphasis added))  And in its complaint, AECOM alleges the following:

> Since 2008, AECOM has been a prequalified energy services contractor ("ESCO") for CEHNC for energy savings performance contracts ("ESPCs") *under indefinite delivery/ indefinite quantity multiple award task order contracts ("MATOC") No. W912DY-15-D-0040.*  The MATOC is currently in its third contract iteration ("MATOC III").

> On July 13, 2015, [the government] sought a proposal from AECOM and other MATOC III holders via Request for Proposal ("RFP") No. W912DY-15-R-ESP7 for the development and implementation of energy conservation projects at Buckley Air Force Base, Colorado (the "Project").

> . . . .

After nearly 14 months of work on the Project, including multiple changes to the scope of the Project made with CEHNC's constant assurance of an impending TO [Task Order] award, and less than one (1) month before the scheduled TO award date, CEHNC sent AECOM a letter on November 22, 2016, cancelling the Project.

. . . .

Appellant's claims, which were submitted to the [contracting officer] in AECOM's certified claim [include] . . . AECOM is entitled to the fair market value of services provided to the government *under an implied-in-fact contract*.

(Gov't mot., attach. 18 at 245-46 ¶¶ 3-4, 246 ¶ 9, 248 ¶ 19) (emphases added))

DECISION

The government says that we lack jurisdiction to entertain the appeal because, it says, it never had a contract with AECOM (gov't mot. at 8, 11).[2] Pursuant to the Contract Disputes Act, 41 U.S.C. § 7105(e)(1)(A) (emphasis added), the Board "has jurisdiction to decide any appeal from a decision of a contracting officer of the Department of Defense, the Department of the Army, the Department of the Navy, the Department of the Air Force, or the National Aeronautics and Space Administration *relative to a contract made by that department or agency*." Jurisdiction under this provision requires no more than a non-frivolous allegation of a contract with the government. *Siemens Gov't Techs., Inc.*, ASBCA No. 62806, 2021 WL 4395475 (Sept. 15, 2021). Thus, to establish Board jurisdiction under this provision, an appellant need only allege the existence of a contract. *Id.* This bar is low. *Id.*

Based upon the record material set forth above, we conclude that AECOM has set forth a non-frivolous allegation of a contract with the government, whether that contract be "Base Contract No. W912DY-15-D-0400," "Energy Savings Performance Contract

---

[2] The government purports to cite an ASBCA decision it refers to as "*Vox Optima, LLC*, ASBCA No. 62644, 2020-1 B.C.A (CCH) ¶ 37625," for the proposition that AECOM "is not a 'contractor' . . . but rather a disappointed bidder" (gov't mot. at 9). However, our opinion at 20-1 BCA ¶ 37,625, which was issued in ASBCA No. 62313 (not ASBCA No. 62644)62, does not address that point; that point is addressed at *Vox Optima, LLC*, ASBCA No. 62644, 21-1 BCA ¶ 37,766 at 183,320, which is a Rule 12.2 opinion that the government does not cite, and that has no value as precedent.

4

No. W912DY-15-R-ESP7," or a contract with the government implied in fact, triggering our jurisdiction under 41 U.S.C. § 7105(e)(1)(A). *Cf. Siemens*, 2021 WL 4395475 (citing cases and finding jurisdiction where appellant sought costs of producing plans for an Energy Savings Performance Contract project). Whether AECOM had a contract with the government is a merits question for another day. *Id.*

With respect to AECOM's wrongful conversion claim, we possess jurisdiction to entertain claims of tortious breach of contract as opposed to independent torts. *Qatar Int'l Trading Co.*, ASBCA No. 55533, 08-1 BCA ¶ 33,829 at 167,428. In its complaint, AECOM alleges, citing Base Contract W912DY-15-D-0040, that the government "breached the contract when it violated the implied duty of good faith and fair dealing *and MATOC III, Section C.26.4*, by converting AECOM's ECM designs and work product for its own use" (compl. at 1 ¶ 3, 7 ¶ 35 (emphasis added)). And in response to the government's motion, AECOM states that "the Government *tortiously breached its contract with AECOM when it violated Section C.26.4* by converting AECOM's ECM designs and work product for its own use" (app. resp. at 25 (emphasis added)). Section C.26.4 of Base Contract W912DY-15-D-0040, Option to Obtain Ownership to Submitted Documentation and Concepts, provides:

> The Government shall have the option to obtain ownership of all surveys, feasibility studies, designs, and proposals submitted to the KO, including the content and technical approach presented. *If after the ESCO has performed feasibility study, designs, proposals, and/or site surveys the Government chooses to pursue a project by means other than this contract, the Government may exercise its option to obtain ownership of all surveys, proposals, and designs submitted to the KO, including the content and technical approach presented, for the individual ECM in question. The ESCO shall receive appropriate consideration for the ESCO effort on the particular ECM (i.e., recovery of study and design costs as estimated and submitted to the KO via the site survey report and the feasibility study report plus the cost to perform the site survey plus an appropriate mark-up. . . .* If the ESCO and Government are unable to agree on price and terms for execution work efforts and the Government utilizes another ESCO, the Government should only pay those costs that are fair and reasonable for the work performed.

(R4, tab 6 at 129 (emphasis added)) That is a claim of tortious breach of contract as opposed to an independent tort, and is, therefore, a claim that we possess jurisdiction to entertain. *Compare Brooke Enters.*, ASBCA No. 53993, 04-2 BCA ¶ 32,785 at 162,146,

162,151 (entertaining, without discussion of jurisdiction, contractor's claim that the government wrongfully converted 12 storage containers; contract provided that contractor's property could be sold to satisfy contactor indebtedness to military exchange); *Home Entm't, Inc.*, ASBCA No. 50791, 99-1 BCA ¶ 30,147 at 149,137 (finding jurisdiction to entertain claim for damage to contractor property where military exchange allegedly "fail[ed] to perform its duty to repair and maintain the premises in accordance with ¶ 2(a) of the contract, causing damage to [contractor's] property"); *Travelers Indem. Co. v. United States*, 16 Cl. Ct. 142, 151 (1988) (finding jurisdiction where claim of wrongful conversion of contract proceeds was "dependent upon a contract with the government") *with Qatar Int'l*, 08-1 BCA ¶ 33,829 at 167,429 (finding no jurisdiction where "[t]he Army's action in recovering the bulldozer after the driver died and placing the bulldozer in storage was a policing and security action," and "distinctly separate and independent of the contract").

CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied.

Dated:  December 6, 2021

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62800, Appeal of AECOM Technical Services, Inc., rendered in conformance with the Board's Charter.

Dated:  December 7, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals